GEORGIA RAILROAD & BANKING CO. (PETTUS v.). See Case No. 11,048.

GERARD (HOURQUIEBE v.). See Case No. 6,733.

GERARD (JUDY v.). See Case No. 7,571.

---

## Case No. 5,356.

### The GERARD STUYVESANT.

[8 Ben. 183.][1]

District Court, E. D. New York. June, 1875.

COLLISION IN EAST RIVER — STEAMER AND SLOOP —CHANGE OF COURSE.

A sloop was sailing up the East river against the tide, running free. A ferry-boat coming down the river was running within about a hundred and fifty feet of her course, so that she would have cleared the sloop, if the latter had held her course. The master of the sloop, who was at her helm, left it in the becket and went forward to assist in bearing off the anchor, so as to get it on the bow, and while he was thus absent from the helm, the sloop luffed towards the course of the ferry-boat. The latter whistled, and the whistle called the attention of the master to the ferry-boat. He ran to the wheel and put it hard aport, and the sloop rapidly swung off, but was struck by the ferry-boat on her port side. *Held*, that the ferry-boat was not in fault in running so close to the course of the sloop; and that the latter was in fault in luffing, and was solely responsible for the collision.

In admiralty.

Scudder & Carter, for libellant.
Wm. A. Duer, for claimants.

BENEDICT, District Judge. This action is brought to recover of the ferry-boat Gerard

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Stuyvesant, for injuries to the sloop Gold Leaf, arising from a collision between these vessels in the East river, on the 13th of November, 1873.

The collision occurred about 9 or 10 o'clock a. m., on a clear, fair day, the wind at the time blowing a fresh breeze from west by south, and the tide running ebb. The sloop was bound for Norwich, Connecticut, and was sailing through the East river, with single-reefed mainsail and jib, and with her sheet broad off. When about opposite Houston street, from midway in the river to one-third of the way to the Brooklyn side, her master left her helm in the becket, and went forward to assist in bearing off the anchor to get it on the bow. While he was thus engaged the sloop luffed, and about the same instant a whistle first called the attention of the master to the ferry-boat Gerard Stuyvesant, then proceeding from the New York shore, and not far distant. The master of the sloop at once ran aft to his wheel and hove it hard aport. The sloop swung off rapidly, but was struck by the ferry-boat on her port side, receiving the injury complained of. The ferry-boat was at the time upon one of her regular trips from New York to Brooklyn. The sloop was seen coming up, and the intent of the ferry-boat was to pass under the sloop's stern. Upon the supposition that the sloop would keep her course, the ferry-boat had slowed to allow the sloop to pass, and, if the sloop had not luffed, would have given her some 150 feet of room to pass ahead of the ferry-boat. As soon as the sloop luffed, the whistle of the ferry-boat was blown and her engine reversed, but she failed to get sternway in time to clear the sloop.

These facts clearly appear in the testimony, and are scarcely denied. They appear to me to make out a case of fault on the part of the sloop, and not on the part of the ferry-boat. It was negligence on the part of the master of the sloop, sailing as he was, to leave the helm. This careless act gave the sloop the opportunity to luff, which she did when it was incumbent upon her to hold her course, and this luff caused the collision.

It was urged, on the part of the sloop, that the collision arose from the fault of the ferry-boat in approaching so near to the sloop, that a slight luff would bring the vessels together in spite of all efforts; but I do not consider that there was any fault in the navigation of the ferry-boat in this respect. The course the sloop was bound to pursue was plain. Her ability to pass clear was evident. There was nothing to prevent her from holding her course, and the pilot of the ferry-boat was justified in assuming that she would do so. Had she done this, the room given by the ferry-boat was abundant to enable her to pass in safety. I am unwilling to hold it negligence on the part of a ferry-boat to approach within 150 feet of the course of a sloop sailing as this one was. The necessities of the river permit the ferry-boats to approach as near as that

when it can be done with safety, as in this case it certainly could be. But the sloop did not hold her course. She luffed and then bore away. The latter movement was no doubt well enough. But the luff was wrong, and it arose from the great carelessness of the master leaving his vessel with no one at the helm. For this fault the sloop must be held to be solely responsible for the accident. Libel dismissed, with costs.